UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY KRUMWIED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-04800 |
| | ) |
| COMMUNITY HEALTH NETWORK, INC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Nancy Krumwied, hereinafter Krumwied, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Community Health Network, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. .

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367.

1

Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. Krumwied, is a female citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).

5. Krumwied is 64 years old and is able to bring this action pursuant to the Age Discrimination in employment Act of 1967 as defined in 29 U.S.C. 621 et. Seq. (ADEA)

6. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

7. Defendants is a domestic nonprofit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about January 11, 2019, Krumwied filed charges of Disability Discrimination, Age Discrimination and Retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-01149.

2. On or about August 28, 2019 the EEOC mailed , Krumwied a Notice of Right to Sue Charge Number 470-2019-01149, entitling herto commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

4. The Defendant hired Krumwied on or about January 18,1982.

5. In 2017 Krumwied filed a charge of discrimination against Defendant alleging disabitilty discrimination.(the 2017 Charge")

6. Krumwied received her Notice of Right to Sue for the 2017 Charge but did not file suit because Defendant began accommodation her disability.

7. As soon as the ninety day period expired for Krumwied to file suit for the 2017 Charge expired, Defendant began to renege on its accommodations of her disability and permanent restrictions..

8. The Defendant began to harass Krumwied about her restrictions and the special accommodations she had been given.

9. On August 7, 2018,  Krumwied's  had to miss work due to a Cardiac Arrhythmia.

10. On August 23, 2018, when she returned to work, Krumwied's  supervisor informed her that her co-workers were complaining about her special accommodations due to her disabilities.

11. Management began making it difficult for Krumwied to get her restrictions accommodated.

12.  Defendant intimidated Krumwied when she tried to utilize her intermittent Family Medical Act ("FMLA") leave, espsceially when she needed to use a half day for a doctor's appointment.

13. On August 23, 2018, Krumwied  attended a doctor's appointment on her lunch hour and she had to reschedule  a meeting. Krumwied's management team was upset about  her rescheduling the meeting.

14. On August 28, 2018 Krumwied was given the option of resigning or being terminated.

15. The Defendant discriminated against Krumwied due to her disability.

16. The Defendant failed to engage in the interactive process.

17. The Defendant discriminated against Krumwied due to her age.

18. The Defendant interfered with Krumwied's FMLA leave.

19. The Defendant terminated Krumwied due to his disability and in retaliation for filing the 2017 Charge.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

20. Krumwied hereby incorporates by reference paragraphs 1 through 19 as though previously set out herein.

21. At all times relevant to this action, Krumwied was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

22. The conduct as described hereinabove constitutes discrimination on the basis of Krumwied's disability.

23. The Defendant failed to engage in the interactive process with Krumwied concerning her disability as required by the ADA.

24. The Defendant failed to accommodate Krumwied's disability.

25. The Defendant failed to accommodate Krumwied's permanent restrictions.

26. The Defendant intentionally and willfully discriminated against Krumwied because she is disabled and/or because Krumwied has a record of being disabled and/or because the Defendant regarded Krumwied as disabled.

27. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

28. Defendant's actions were intentional, willful and in reckless disregard of Krumwied's rights as protected by the ADA.

29. Krumwied has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## DISCRIMINATION ON THE BASIS OF AGE

30. Krumwied hereby incorporates by reference paragraphs 1 through 29 as though previously set out herein.

31. At all times relevant to this action, Krumwied was a over 40 as that term is defined by statute.

32. The conduct as described hereinabove constitutes discrimination on the basis of Krumwied's Age.

33. The Defendant intentionally and willfully discriminated against Krumwied because she is over 40.

34. Similarly situated younger employees were treated more favorable in the terms of privileges, and conditions of their employment.

35. Defendant's actions were intentional, willful and in reckless disregard of Krumwied's rights as protected by the ADEA.

36. Krumwied has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

## INTERFERENCE WITH FMLA

37. Krumwied hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. At all times relevant to this action, Krumwied was approved for intermittent FMLA leave..

39. The conduct as described hereinabove constitutes interference with Family Medical Leave as defined by the FMLA..

40. Defendant's actions were intentional, willful and in reckless disregard of Krumwied's rights as protected by the ADA.

41. Krumwied has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT IV

## RETALIATION FOR SEEKING FILING A PRIOR EEOC CHARGE

42. Krumwied hereby incorporates by reference paragraphs 1 through 41 as though previously set out herein.

43. The conduct as described hereinabove constitutes retaliation on the basis of Krumwied lawfully seeking statutory rights to file an EEOC charge pursuant to the ADA..

44. Defendant's actions were intentional, willful and in reckless disregard of Krumwied's rights under Indiana Law.

8. Krumwied has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Krumwied, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Krumwied lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Krumwied all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Krumwied all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Krumwied, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

*/s/Cherry Malichi*_____
Cherry Malichi 15406-49
Darron Stewart 21114-29
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
cherrym@getstewart.com
darron@getstewart.com
Attorney for Plaintiff